NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME ESCOBAR-ALFARO, AKA Jaime Alfaro Escobar,<br><br>              Petitioner,<br><br>     v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.     15-72528<br><br>Agency No. A088-968-527<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:      SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Jaime Escobar-Alfaro, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for relief

under the Convention Against Torture ("CAT").  Our jurisdiction is governed by

---

          [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Escobar-Alfaro failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Escobar-Alfaro's contentions that the agency ignored evidence or otherwise erred in its analysis of his claim. Escobar-Alfaro's contention that the BIA's typographical error rendered the decision unreliable fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

We lack jurisdiction to consider Escobar-Alfaro's contentions regarding ineffective assistance of counsel because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Puga v. Chertoff*, 488 F.3d

812, 815-16 (9th Cir. 2007) (indicating that ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**